UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. MJ19-344 MAT |
| v. | DETENTION ORDER |
| PAIGE A. THOMPSON, | |
| Defendant. | |

Offenses charged:

    Count 1:    Computer Hacking in violation of 18 U.S.C. §§ 1030(a)(2)(A) and (C), and (c)(2)(A), and (B)(iii)

Date of Detention Hearing: August 23, 2019

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the reasons for detention hereafter set forth, finds:

### APPLICABLE LAW

The government moved for a detention hearing in this matter, arguing Defendant poses both a risk of flight and a danger to the community. (Dkt. # 13 at 8-11.) Defendant argued that as a threshold matter, the government has not established Defendant is a flight risk under 18 U.S.C. § 3142(f), and therefore objected to the court holding a detention hearing, and further argued the

DETENTION ORDER - 1

government failed to meet its burden in showing Defendant is a danger to the community. (*See* Dkt. # 19.)

The procedural requirements for a pre-trial detention hearing are set forth in section 3142(f), as part of the Bail Reform Act of 1984 (the "Act"). Under the Act, courts "shall hold" detention hearings in two instances. 18 U.S.C. § 3142(f). The first instance is when the case involves any one of the enumerated serious offenses outlined in § 3142(f)(1). The second instance is when a case involves a serious risk of flight or obstruction of justice. 18 U.S.C. § 3142(f)(2). Once one of these conditions is sufficiently met, a detention hearing is held "to determine whether any condition or combination of conditions ... will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

To determine whether conditions of release could reasonably assure a defendant's appearance in court and the safety of the community, courts consider the nature and seriousness of the charges, the weight of the evidence against the defendant, the defendant's history and characteristics, and the nature and seriousness of the danger posed to any person or the community by the defendant's release. 18 U.S.C. § 3142(g). The weight of the evidence is the least important factor in this analysis. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

The government bears the burden of showing that a defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). "Danger," as contemplated by 18 U.S.C. § 3143, "may, at least in some cases, encompass pecuniary or economic harm." *United States v. Reynolds*, 956 F.2d

DETENTION ORDER - 2

192, 192-93 (9th Cir. 1992); *see also United States v. Hickey*, No. CR 97-0218 WHA, 2006 WL 1867708, *3 (N.D. Cal. July 6, 2006) (finding that there was a risk that defendant would perpetrate additional fraudulent schemes because he stated that he would like to develop a new real estate investment, and this might easily tempt him to resort to the type of fraud and deceit that led to his conviction).

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

1. The government alleges Defendant hacked into servers used by Capital One Financial Corporation and stole information from credit card application of approximately 106 million people. This data breach has resulted in at least 40 lawsuits against Capital One Financial Corporation, who expects to incur between $100 and 150 million this year as a result. Due to the nature and circumstances of the alleged offense, Defendant faces a substantial sentence if found guilty.

2. The government alleges that when Defendant's residence was searched, agents found terabytes of data stolen from an additional 30 other companies, educational institutions, and other entities.

3. The government alleges forensic evidence links Defendant to the data theft, including stolen data from Capital One Financial Corporation found on a server recovered from Defendant's bedroom.

4. Defendant appears to have boasted about her theft openly on social media before her arrest. Defendant is also alleged to have admitted stealing the data from the entities in a post-arrest statement.

5. Defendant does not have stable employment, is not currently enrolled in school, and does not have a stable residence. Defendant also lacks familial connections to

the community.

6. Defendant has a history of serious mental health issues that have resulted in erratic, bizarre behavior and both suicide ideation and a suicide attempt. Two individuals have sought protection orders against Defendant for harassment and stalking. Defendant has threatened to commit "suicide by cop" and to "shoot up" a social media office in California. Defendant also made threats on social media about killing herself, law enforcement, and other unnamed individuals. At Defendant's last court hearing, she stated multiple times that she just wanted to die.

7. At the time of arrest, Defendant's roommate possessed weapons, ammunition, and explosive material which were, at least in part, accessible to Defendant. The weapons included 14 firearms, including assault rifles, a sniper rifle, and hand guns. Bump stocks, flare launchers, and high-capacity magazines were also found.

8. Defendant has the talent, means, and ability to commit additional cybercrimes if released.

9. Accordingly, for the above reasons and those stated on the record, the Court finds Defendant poses a risk of nonappearance and a risk of physical danger and financial and economic danger. There does not appear to be any condition or combination of conditions that will reasonably assure Defendant's appearance at future court hearings while addressing the danger to other persons or the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 23rd day of August, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge